The State of Ohio, Appellee, v. Preston, Appellant.

(No. 8063—Decided October 17, 1955.)

*Mr. C. Watson Hover,* prosecuting attorney, and *Mr. Harry Schottmer,* for appellee.
*Mr. Melvin Schaengold,* for appellant.

Ross, P. J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County, Ohio, refusing to permit the withdrawal of a plea, after a plea of guilty and sentence.

The defendant pleaded guilty, and was sentenced for a violation of the provisions of Section 3719.02, Revised Code, and received a sentence of two years in the penitentiary.

It is urged by the appellant that this sentence, being for a definite period, is contrary to the terms of Section 5145.01, Revised Code, which provide, in effect, that all sentences to the penitentiary shall be general with no specification of a definite period of servitude, but that if a definite period is specified the sentence shall be considered to be general.

The penalty appropriate to the crime involved, as set out in Section 3719.99, Revised Code, is somewhat unusual, in that no minimum term of servitude is mentioned, such section containing the statement that upon conviction, the defendant may

be given a fine of not more than $500, or imprisoned for not more than five years.

Section 1.05, Revised Code, provides that the term, "imprisoned," means imprisoned in the penitentiary if the maximum penalty exceeds one year.

Section 1.06, Revised Code, provides that such offenses are felonies, so that although Section 3719.99, Revised Code, was enacted subsequent to Section 5145.01, Revised Code (Section 2166, General Code), the provisions of Section 5145.01, Revised Code, are applicable unless the absence of a specific minimum sentence removes such application.

A sentence conforming to the provisions of Section 5145.01, Revised Code, would provide that the defendant should be imprisoned in the penitentiary "for not more than five years."

It may be objected that the parole board could immediately after sentence release the prisoner on parole. We consider that such possibility does not free the trial court from the mandate of Section 5145.01, Revised Code.

It is not the function of a court to anticipate and prevent possible defects in legislation. It also appears that the statute has been amended to provide a minimum sentence of two years. (Section 3719.99, Revised Code.)

Applying the provisions of Section 5145.01, Revised Code, the sentence should have been for an indeterminate period, and, being for a definite period, it is construed to be for an indeterminate period. The lack of a minimum sentence will only have effect upon an application for parole.

We find no error in the action of the court requiring either reversal of the judgment or remand for a proper sentence.

It is claimed that the entry upon the journal of the court incorporating the sentence involved does not show that the defendant was represented by counsel. The docket entries show that two counsel were appointed and not relieved from duty.

The presumption of regularity attaching to a journalized action of a court of general jurisdiction, in the absence of a bill of exceptions or definite, affirmative evidence showing the contrary, is that the court complied with the law.

There being no error prejudicial to the defendant affirmatively appearing in the record, the action of the court, in the

exercise of its sound discretion in refusing to permit the withdrawal of the plea of guilty, is affirmed.

*Judgment affirmed.*

HILDEBRANT and MATTHEWS, JJ., concur.